UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

GERALD JOHNSON,

    Plaintiff,

v.                                        No. 1:17-cv-0448 SWS/MLC

SECRETARY OF CORRECTIONS,
DIRECTOR OF ADULT PRISONS,
MANAGEMENT AND TRAINING CORPORATION,
OTERO COUNTY MANAGER,
R. MARTINEZ, *WARDEN*
FNU SIMMONS, *DEPUTY WARDEN,*
FNU PETERS, *DEPUTY WARDEN,*
FNU NOLASCO, *CLASSIFICATION SUPERVISOR,*
J. RAMIREZ, *LAUNDRY SUPERVISOR,* and
FNU OCHOA, *CAPTAIN, HEAD OF SECURITY,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's civil rights complaint (Doc. 2).[1] Plaintiff is incarcerated and appears *pro se*. After reviewing the complaint under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6), the Court will dismiss the complaint and grant Plaintiff thirty (30) days from the entry of this Order to amend his pleading.

**Standards Governing Dismissal of Prisoner Civil Rights Complaints**

Fed. R. Civ. P. 12(b)(6) requires the Court to accept all well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113,

---

[1] Specifically, the Motion was filed by Defendants Management and Training Corporation, Otero County Manager P. Heltner, Martinez, Simmons, Peters, Nolasco, Ramirez, and Ochoa. *See* Doc. 2, p. 1. The Court will also review the sufficiency of the claims of the remaining Defendants, as required by 28 U.S.C. § 1915A.

118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The complaint must set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *Id.* at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Where, as here, a prisoner civil rights action is removed from state court, the Court must also perform a screening function under 28 U.S.C. § 1915A. Under that section, the Court has discretion to dismiss a prisoner civil rights complaint *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b). In conducting the § 1915A review, the pleadings of the *pro se* prisoner "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Courts are directed to overlook "failure to cite proper legal authority, ... confusion of various legal theories, ... poor syntax and sentence construction, or ... unfamiliarity with pleading requirements." *Id.*

### Factual Allegations

For the limited purpose of this ruling, the Court assumes the following facts taken from Plaintiff's Complaint are true.

Plaintiff is incarcerated at the Otero County Correction Facility ("OCCF") in Chaparral,

New Mexico. *See* Doc. 1-1, p. 1-2. On February 1, 2016, he "was assigned to work in the laundry room from 5:00 AM to 10:00 AM." *See* Doc. 1-1, p. 2. At some point Laundry Supervisor J. Ramirez "needed his workers to work until twelve (12) PM." *Id.* This schedule conflicted with the Islamic religious service Plaintiff attends every Friday from 12:00 p.m. to 2:00 p.m. *Id.* at p. 2-3. Plaintiff also alleges that working a seven-hour shift is not required by OCCF policy, which allows inmates to accrue good time credits if they perform five hours of work per shift. *Id.* at p. 2. According to Plaintiff, another policy states any overtime must be approved by the Warden. *Id.* at p. 3.

On Friday February 26, 2016, Plaintiff was permitted to leave work at 10:00 a.m. to attend religious services. *Id.* at p. 4. Plaintiff left two hours before the service to shower, which is permitted by OCCF policy. *Id.* Ramirez then fired Plaintiff. *Id.* Classification Supervisor Nolasco reassigned Plaintiff to a Pod Porter job, where he earned 10 cents less per hour and about $25 less per month. *Id.*

Thereafter, Ramirez "began a systematic approach to falsify a performance evaluation to cover up the real reason [Plaintiff] was being fired." *Id.* at p. 3-4. The poor evaluation was not accompanied by a disciplinary report, as required by OCCF policy. *Id.* at p. 5. Plaintiff further alleges he is African American, and Ramirez is a "known ... racist" and "is trained to discriminate[] against and abuse prisoners...." *Id.* at p. 3. "Captain Ochoa, Classification Supervisor Nolasco, and Warden Ramirez openly support [Ramirez's] attitude and enable him to openly practice racial and religious discrimination." *Id.* Although "Warden Simmons ... personally disagrees with" them, she is "unable to openly oppose them" and takes no actions to protect prisoners. *Id.*

Plaintiff filed two informal grievances after his termination from the laundry job. *Id.* at p. 5. Officer Valle investigated the matter, but Plaintiff asserts it was "impossible to conclude what his investigation results are based on." *Id.* at p. 6. However, a grievance officer (possibly Valle) told Plaintiff he was reassigned "due to [his] religious class interfering with your work." *Id.* at p. 5.

Based on the foregoing, Plaintiff filed a *pro se* Complaint for "racial discrimination," "religious discrimination," and "defamation of character" in New Mexico's First Judicial District Court, case no. D-101-CV-2017-00271. The Complaint seeks $3,000 in damages from each Defendant and injunctive relief that would allow him to practice his religious beliefs. *Id.* at p. 7-8. Defendants removed the case to this Court on April 12, 2017. *See* Doc. 1. Thereafter, Defendants filed the Motion to Dismiss, asserting the Complaint fails to state a claim and that the Otero County Manager is entitled to qualified immunity. *See* Doc. 2.

**Analysis**

A. Jurisdiction

As an initial matter, Plaintiff appears to challenge this Court's subject matter and personal jurisdiction over the suit. *See* Docs. 3, 7. Federal courts have subject matter jurisdiction over an action where: (1) the face of the complaint raises a federal question; or (2) the parties' citizenship is diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332; *Karnes v. Boeing Co.,* 335 F.3d 1189, 1192 (10th Cir. 2003). Plaintiff concedes the Complaint raises federal constitutional claims. *See* Doc. 3, p. 1 (Plaintiff notes: "the question involved is both a state and federal constitutional question"); Doc. 7, p. 1 (acknowledging "the controversy is also a matter the federal constitutional [must] address"). The Court therefore has

4

subject matter jurisdiction over the suit. If Plaintiff prefers to proceed in state court, he may file an appropriate motion seeking such relief.

Plaintiff also argues "this [C]ourt does not have personal jurisdiction over any of the parties involved." *See* Doc. 7, p. 4. This argument is frivolous. Plaintiff filed the suit in a New Mexico state court, which was properly removed to this Court, and none of the Defendants are challenging personal jurisdiction. Plaintiff's present challenges to jurisdiction are therefore overruled.

B. Constitutional Claims

Construed liberally, Plaintiff's claims for religious and racial discrimination arise under the First and Fourteen Amendments of the United States Constitution. The "remedial vehicle for raising claims based on the violation of constitutional rights" is 42 U.S.C. § 1983. *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046.

The Complaint does not meet the above standard with respect to any Defendant aside from Ramirez. The Tenth Circuit has held that state agencies, and specifically the "New Mexico Department of Corrections" are "not ... 'person[s]' subject to suit under § 1983." *See Blackburn v. Department of Corrections*, 172 F.3d 62 (10th Cir. Feb. 25, 1999) (unpublished).

5

Further, county defendants, private corporates acting under the color of state law, and prison supervisors cannot be held liable solely because they employ or oversee a tortfeasor. Such defendants can only be liable if they promulgate an official policy that leads to the constitutional violation. *See Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989) (holding counties "are subject to liability [under § 1983] only for their official policies or customs"); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) (A private corporation performing a government function can be held liable under § 1983 only where a plaintiff shows "1) the existence of a...policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged."); *Dodd v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (Wardens and other supervisors can face § 1983 liability based on the "promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights"). Plaintiff alleges many Defendants were aware of the alleged discrimination, but he has not identified he was reassigned pursuant to an official policy or custom. The Complaint therefore fails to state a claim against the Secretary of Corrections, the Director of Adult Prisons, Management and Training Corporation, the Otero County Manager, FNU Simmons, FNU Peters, FNU Nolasco, and FNU Ochoa.

With respect to Ramirez, Plaintiff has not sufficiently alleged specific facts demonstrating religious discrimination or retaliation. To state a plausible free-exercise claim under the First Amendment, a plaintiff must allege that the defendant's conduct "substantially burdened ... sincerely-held religious beliefs." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). "An inmate claiming retaliation must allege *specific* facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir.

1998) (emphasis in original). As the Tenth Circuit emphasized, "an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." *Id.* The plaintiff "must prove that 'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." *Id.* (quotations omitted). The Complaint contains no *specific* facts demonstrating that Ramirez transferred Plaintiff based on a retaliatory motive, rather than in response to the needs of the laundry service. *See, e.g., Rivera v. Hassler,* 79 Fed. App'x 392, 395 (10th Cir. 2003) (addressing retaliation and concluding the alleged facts instead demonstrate the inmate transfer was based on the reasonable needs of the institution).

Plaintiff's constitutional claim against Ramirez for racial discrimination is similarly deficient. An equal-protection claim requires a showing that the Defendants treated the Plaintiff less favorably than others because of his race. *See Morman v. Campbell County Memorial Hosp.,* 623 Fed. App'x 927, 934 (10th Cir. 2015) (quoting *Furnco Constr. Corp. v. Waters,* 438 U.S. 567, 577 (1978)). The only concrete facts supporting Plaintiff's equal protection claim are: (1) "No Caucasian or Hispanic prisoners have been fired from their jobs for conflict of schedules regarding religious practice;" and (2) In OCCF, "Islam is regarded as a black man's religion even though there are several (white) Caucasian adherents." *See* Doc. 1-1, p. 4. Such information does not demonstrate Plaintiff's job reassignment was because of his race.

C. Defamation Claim

Plaintiff also raises a state law claim for defamation because Ramirez allegedly falsified his performance review. "The elements of defamation include a defamatory communication published by the defendant, to a third person, of an asserted fact, of and concerning the plaintiff,

and proximately causing actual injury to the plaintiff." *Clough v. Adventist Health Sys., Inc.*, 108 N.M. 801, 806, 780 P.2d 627, 632 (N.M. 1989). In this case, it is unclear what Ramirez specifically said during the performance review, to whom it was directed, or when the performance review occurred. The defamation claim therefore fails, and the Complaint must be dismissed.

D. Leave to Amend

The Tenth Circuit has counseled that *pro se* litigants should be given a reasonable opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend the complaint should be granted unless amendment would be futile. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). In other words, "if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson*, 907 F.2d at 126.

Applying this standard, the Court will permit Plaintiff to file an amended complaint within 30 days of entry of this order. The amended complaint should only assert claims against defendants with some personal involvement in the alleged misconduct. The amended complaint must also "make clear exactly *who* alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case with prejudice and without further notice.

E. Qualified Immunity

To resolve a motion to dismiss based on qualified immunity, the Court must consider whether the allegations in the complaint "make out a violation of a constitutional right," and "whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011). Having determined Plaintiff should have an opportunity to cure the pleading defects in his Complaint, the Court will deny Defendants' request to dismiss based on qualified immunity without prejudice.

## Conclusion

Based on the foregoing, IT IS ORDERED that Defendants' Motion to Dismiss (Doc. 2) is GRANTED, IN PART. Plaintiff's Complaint (Doc. 1) is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A for failure to state a claim on which relief may granted.

IT IS FURTHER ORERED that Plaintiff may file an amended complaint within 30 days of entry of this order.

_____
UNITED STATES DISTRICT JUDGE