# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

GERALD JOHNSON,

    Plaintiff,

v.                                                   No. 17-cv-448 – SWS-MLC

SECRETARY OF CORRECTIONS,
DIRECTOR OF ADULT PRISONS,
MANAGEMENT AND TRAINING CORPORATION,
OTERO COUNTY MANAGER,
R. MARTINEZ, *WARDEN*
FNU SIMMONS, *DEPUTY WARDEN,*
FNU PETERS, *DEPUTY WARDEN,*
FNU NOLASCO, *CLASSIFICATION SUPERVISOR,*
J. RAMIREZ, *LAUNDRY SUPERVISOR,* and
FNU OCHOA, *CAPTAIN, HEAD OF SECURITY,*

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Before the Court is Plaintiff's Petition for Writ of Habeas Corpus (Doc. 17). Plaintiff appears to have filed the Petition in lieu of an amended civil rights complaint. After reviewing the Petition under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6), the Court will dismiss the existing civil rights action, but allow Plaintiff to raise his new, unrelated claims in a separate case.

Plaintiff, an inmate at the Otero County Correction Facility ("OCCF"), filed his original Complaint in state court on February 1, 2017. *See* Doc. 1-1. The Complaint alleges prison officials fired Plaintiff from his laundry job after he left work early to attend Islamic religious services. *Id.* at p. 2-4. It further alleges prison officials falsified Plaintiff's performance evaluation and discriminated against him based on race. *Id.* at 4-6. The Complaint raises constitutional claims for racial discrimination, religious discrimination, and defamation of

character. *Id.* at 7-11. Defendants removed the action to this Court and moved to dismiss the complaint for failing to state a cognizable claim. *See* Docs. 1, 2.

By a Memorandum Opinion and Order entered March 27, 2018, the Court dismissed the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. *See* Doc. 11. The Court explained the Complaint fails to state a claim under 42 U.S.C. § 1983 because most of the Defendants are not subject to liability. *See* Doc. 11 at 5-6; *see also McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000) ("A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."). As to the primary wrongdoer, Officer Ramirez, the Court also found the Complaint did not allege sufficient facts to state a claim for religious discrimination, racial discrimination, or defamation. *See* Doc. 11 at 6-8.

Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given thirty days to file an amended complaint. *See* Doc. 11 at 8. The Memorandum Opinion and Order provided detailed guidance about what the amended complaint must allege to survive initial review. The Court warned that any amended complaint must "make clear exactly *who* alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). The Court also set forth the legal standards for free exercise claims, religious retaliation claims, equal protection claims, and defamation. *See* Doc. 11 at 6-8.

After receiving several extensions to file his amendment, Plaintiff filed the Petition for Writ of Habeas Corpus on June 20, 2018. *See* Doc. 17. The Petition challenges a disciplinary proceeding that took place on November 9, 2017, well after this case was commenced and removed. *Id.* at 1, 8, 10. Plaintiff was charged with possession of dangerous drugs on that date, and he appears to allege prison officials failed to adhere to OCCF disciplinary policies. *Id.* at

8-10, 12-14. He also alleges prison officials failed to follow proper protocol when collecting his urine sample. *Id.* The Petition does not mention Plaintiff's prior Complaint or any prior claims. *See* Doc. 17.

The Memorandum Opinion and Order allowed Plaintiff to cure the defects in his original Complaint. The Court did not grant leave to "make the complaint a 'moving target'" or "salvage a lost case by untimely suggestion of new theories of recovery." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting *Viernow v. Euripides Dev. Corp.,* 157 F.3d 785, 800 (10th Cir. 1998). It is unreasonable to expect the Court or the Defendants to continually adapt as the plaintiff raises new grievances or locates new defendants. Allowing Plaintiff to abandon his original theories and raise new, unrelated grievances in this proceeding would also run afoul of the restrictions on prison litigation and *in forma pauperis* actions. *See, e.g.,* 28 U.S.C. §§ 1915A and 1915(g).

For these reasons, the Court will strike the Petition, without prejudice to filing a separate habeas proceeding or § 1983 action raising the new claims contained in the Petition. If Plaintiff seeks damages based on the disciplinary action, he should refile his claims as a § 1983 action. *See Rueb v. Brown,* 504 Fed. App'x 720, 722 (10th Cir. 2012). If Plaintiff wishes to challenge the execution of his sentence, he should refile his claims as a habeas action. *See Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000); *Overturf v. Massie,* 385 F.3d 1276, 1278 (10th Cir. 2004). Based on Plaintiff's failure to cure the defects in his Complaint, the Court will dismiss the existing civil rights action, including all claims raised in the original Complaint, with prejudice for failure to state a claim.

**IT IS THEREFORE ORDERED** that the Court **STRIKES** Plaintiff's Petition for Writ of Habeas Corpus (Doc. 17) **without prejudice** to refiling the new claims raised in the Petition in a

separate habeas proceeding or § 1983 action.

**IT IS FURTHER ORDERED** that this action, including all claims raised in the original Complaint, is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may granted; and judgment will be entered in favor of Defendants on all claims raised in the original Complaint (Doc. 1-1).

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to mail to Plaintiff, together with a copy of this Order, a form § 1983 Complaint; a form habeas petition under § 2241, and a form Application to Proceed in District Court Without Prepaying Fees or Costs.

_____
UNITED STATES DISTRICT JUDGE